**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eddie LaReece Pittman,<br><br>   Plaintiff,<br><br>v.<br><br>Food Safety Net Services, *et al.*,<br><br>   Defendants. | No. CV-19-05798-PHX-JJT<br><br>**ORDER** |

At issue is Defendant Food Safety Net Service, Ltd.'s Motion to Dismiss (Doc. 20, MTD), to which *pro se* Plaintiff Eddie LaReece Pittman filed a Response (Doc. 23, Resp.) and Defendant filed a Reply (Doc. 25, Reply). No party requested oral argument on the Motion, and the Court finds the Motion appropriate for resolution without oral argument. LRCiv 7.2(f).

**I.   BACKGROUND**

According to the Amended Complaint (Doc. 19, Am. Compl.), the operative pleading, around late July or early August of 2017, Plaintiff applied but was not hired for a job with Defendant. Plaintiff has an extensive felony record, albeit from 20 years ago, and theorizes that Defendant did not hire him as a result of his record. Plaintiff brings a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"), for what Plaintiff terms an "illegal pre-screening process," because Defendant did not request Plaintiff's consent to acquire his record, allow him to review the record, or give him the opportunity to explain the record. (Am. Compl. at 4-5.) Plaintiff alleges this is a form of racial

discrimination in hiring, because he is Black and 33% of Black men have a felony record, whereas only 3% of the general population have a felony record. (Am. Compl. at 5.) Defendant now moves to dismiss Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6).

## II.   LEGAL STANDARD

A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also* Fed. R. Civ. P. 8(a). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## III.   ANALYSIS

The Court cannot reach the merits of Plaintiff's claim, because, as he concedes, it suffers several procedural defects. To the extent Plaintiff's claim is one under the FCRA, that statute has a two-year statute of limitations period from the date of violation of the FCRA, 15 U.S.C. § 1681p, and Plaintiff brought this case more than two years after Defendant obtained his criminal record. Plaintiff argues that the discovery rule should apply to toll the limitations period because he did not know about the protections of the FCRA until he learned about the law while working on another case in October 2019. (Resp. at 3.) Even if the discovery rule applies to Plaintiff's FCRA claim—a question the Court need not resolve here—the limitations period is triggered when Plaintiff knew or

*should have known* of Defendant's violation, in other words, when a reasonably diligent plaintiff would have discovered the *facts* constituting the violation. *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1109 (9th Cir. 2012) (citing 15 U.S.C. § 1681p); *see also Merck & Co. v. Reynolds*, 559 U.S. 633, 653 (2010) (stating constructive discovery is generally read into discovery statutes). Plaintiff's actual ignorance of the law until October 2019 does not constitute grounds for tolling the limitations period, and the Amended Complaint contains no allegations leading to the plausible inference that Plaintiff could not have discovered the facts constituting Defendant's alleged violation at the time his job interview ended. As a result, the Court must dismiss Plaintiff's FCRA claim as time barred.

To the extent Plaintiff's claim is one for employment discrimination under Title VII, Plaintiff failed to exhaust his administrative remedies. To bring a Title VII lawsuit, a plaintiff must first exhaust any administrative remedy available under 42 U.S.C. § 2000e-5 by filing a charge with the Equal Employment Opportunity Commission ("EEOC"). *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Additionally, the EEOC must issue a right-to-sue letter. *Id.* Here, Plaintiff concedes he did not bring his claim to the EEOC but cites *Fort Bend County v. Davis*, 139 S. Ct. 1843 (2019), for the proposition that a failure to exhaust administrative remedies under Title VII is not jurisdictional and thus the Court still has the authority to hear Plaintiff's claim. While that is true, Plaintiff is not relieved under *Fort Bend County* from complying with the statutory requirement to engage in the EEOC administrative process before filing suit; rather, the case concludes that a defendant may waive the defense of failure to exhaust administrative remedies by not timely raising it in the course of a lawsuit. *Id.* at 1849-51. That is not the situation here. Defendant timely raised the defense of failure to exhaust administrative remedies in its Motion to Dismiss, and Plaintiff concedes he did not comply with that statutory requirement. That failure precludes Plaintiff's Title VII claim here.

Because these procedural defects are fatal to Plaintiff's claim as construed under either the FCRA or Title VII, the Court must dismiss the claim.

IT IS THEREFORE ORDERED granting Defendant's Motion to Dismiss (Doc. 20).

1    IT IS FURTHER ORDERED directing the Clerk of Court to enter final judgment in favor of Defendant and close this case.

Dated this 10th day of August, 2021.

_____
Honorable John J. Tuchi
United States District Judge